**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EDDIE V. OLIVER, III,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:26-cv-01809 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* Amended Complaint ("Am. Compl."), ECF No. 3, and Application for Leave to Proceed *in forma pauperis* ("IFP"). The Court grants Plaintiff's IFP Application, and for the reasons discussed below, it dismisses the Amended Complaint, and this matter, without prejudice.

Plaintiff, a resident of Ohio, sues approximately 35 defendants, including the United States, U.S. states, foreign countries, federal agencies, hospitals, and other entities and individuals. *See* Am. Compl. at 1–2. It also appears that Plaintiff may attempt to bring this action on behalf of other plaintiffs; indeed, it is unclear who is actually even bringing this case, *see id.* at 1, 5–6. In any event, Plaintiff may not do so, because in federal court a plaintiff "may [only] plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654; *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted).

The allegations themselves are difficult to follow and involve a hodgepodge of anecdotes, ranging in topics, including, *inter alia*, imprisonments, a "baby bible investigation," local courts in Ohio, "high crimes," fraternity hazing, mental health diagnoses, substance abuse, harassment,

marriage counseling, theft, and U.S. Supreme Court justices. *See id*. at 4–5. Plaintiff asks the Court for damages and assorted equitable relief. *See id*.

*Pro se* litigants must comply with the Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987), and here, the Amended Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff's allegations are neither clear nor direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). When, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Put differently, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Plaintiff's Amended Complaint falls squarely into this category, failing to provide the Court or the Defendant with adequate notice of a claim, and falling short of establishing the Court's subject matter jurisdiction. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("we do not

require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"); *see also Iqbal*, 556 U.S. at 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Accordingly, this matter is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: August 26, 2026

__________/s/_____________
AMIT P. MEHTA
United States District Judge